DÁVILA v. THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property
of Caguas.

No. 14.—Decided December 21, 1905.

PARTNERSHIPS—LIQUIDATION—LIQUIDATING PARTNERSHIPS—PREVIOUS RECORD—
AGENCY.—Where one partnership is the liquidator of another, and is expressly
authorized to alienate, assign, exchange, and mortgage the property of every
description which the dissolved partnership may own, the liquidating partner-
ship has full capacity to consummate such transactions with the property of
the dissolved partnership without the necessity of previously recording the
same in its favor, as the conferring of power to liquidate does not carry with
it a transfer of ownership of the property of the dissolved partnership, but
it is the constitution of an agency for the purposes of liquidation.

STATEMENT OF THE CASE.

This is an appeal taken by Attorney Francisco de la Torre,
on behalf of José B. Dávila y Calvayo, from a decision of the
registrar of property of this city refusing to admit to record
a deed of sale of a certain rural estate.

By public deed executed in this city on May 2d last, before
Tomás Valldejuli y Calatraveño, a notary of Bayamón, the
special partnership doing business under the firm name of
Hernaiz, Targa & Co., represented by its managing partner,
Miguel Targa y Maymó, and as the liquidator of the former
special partnership which did business in said place under
the firm name of Hernaiz & Co. sold to José B. Dávila y Cal-
vayo a rural estate having an area of 13.5 *cuerdas,* situated
in the *barrio* of Bairoa, in the municipal district of Aguas
Buenas, belonging to the former firm of Hernaiz & Co., in
whose favor it is recorded in the Registry of Property of
Caguas; and upon the presentation of this deed to the regis-
trar for record in favor of the purchaser, such record was
refused by him on the grounds stated in the decision which
appears at the end of said deed, reading as follows:

"The foregoing document is not admitted to record on account of the incurable defect of the estate sold being recorded in the name of the commercial firm of Hernaiz & Co., a party other than the commercial firm of Hernaiz, Targa & Co., which is the vendor, and in lieu thereof a cautionary notice has been entered to be effective for a period of one hundred and twenty days, at folio 9, of volume 11, of Aguas Buenas, estate 487, record letter C.—Caguas, May 10, 1905."

From this decision Attorney Francisco de la Torre took an appeal on behalf of the purchaser, José B. Dávila y Calvayo, praying for the reversal of said decision and an order to the registrar to admit said deed to record, with the costs.

*Mr. la Torre* for appellant.

MR. CHIEF JUSTICE QUIÑONES, after stating the foregoing facts, delivered the opinion of the court.

Although the rural estate sold is recorded in favor of the firm of Hernaiz & Co., the sale having been made by the firm of Hernaiz, Targa & Co. as the liquidator of the former and as such being expressly authorized to transfer, convey, exchange and mortgage all property of whatsoever class of the dissolved partnership, as stated in the deed of sale over the certificate of the notary who authenticates it, and in view of the instrument of the dissolution of said firm of Hernaiz & Co., the liquidating firm of Hernaiz, Targa & Co. is fully authorized to sell the rural estate in question, without the necessity of first recording it in its favor, inasmuch as in assuming the liquidation of the former firm, the ownership of the property. of the dissolved firm was not conveyed to it, but merely its liquidation, which does not imply more than the grant of a power to liquidate.

Under the circumstances, as the incurable defect alleged by the Registrar of Property of Caguas preventing the record of the deed in question, does not exist, the decision refusing to admit it to record, placed by the Registrar of Property of Caguas at the end of said deed, is reversed, and it is ordered

that it be returned to him with a copy of this decision in order that he may record it in pursuance of law.

*Reversed.*

Justices Hernández, Figueras and MacLeary concurred.

Mr. Justice Wolf did not take part in the decision of this case.